# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES WEIGOLD and** : | **CIVIL ACTION** |
| **NORA WEIGOLD** : | |
| : | |
| **v.** : | |
| : | |
| **FORD MOTOR COMPANY, THOR** : | |
| **MOTOR COACH, PRECISION** : | |
| **CIRCUITS, and CAMPING WORLD OF** : | |
| **BRIDGEPORT, NJ** : | **NO. 20-2141** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                      **September 1, 2020**

This product liability action arises from a fire originating in an electrical connection in a recreational vehicle owned by the plaintiffs. The fire destroyed the vehicle and damaged the plaintiffs' home and other nearby vehicles. The plaintiffs have sued Ford Motor Company, the manufacturer of the vehicle; Thor Motor Coach (Thor), the installer of the electric components; Meyer's RV Centers, LLC (Meyer's),[1] the seller of the vehicle; and Precision Circuits, the manufacturer of the electrical component. Meyer's and Thor have moved to dismiss the negligence and strict liability claims against them, contending that the negligence and strict liability claims are barred by the gist of the action doctrine. Meyer's has also moved to dismiss the breach of implied warranties and breach of contract claims against it. Meyer's argues it disclaimed all warranties in the Purchase Agreement and fulfilled its contractual obligations when it delivered the vehicle, "as-is," to

---

[1] The complaint incorrectly identifies Meyer's as Camping World of Bridgeport NJ. Thor and Meyer's Mot. for Dism. at 1 (ECF No. 8).

the Weigolds. The Weigolds do not contest the dismissal of their contract-based claims against Meyer's.

## Analysis

Pennsylvania's gist of the action doctrine precludes a plaintiff from bringing what is actually a breach of contract claim as a tort claim. *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. 2009). *See also Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010). The doctrine maintains the distinction between causes of action founded on the breach of a contractual duty created by the parties' relationship and those based on the breach of a social duty imposed by society on all individuals.

When the parties' obligations are defined by the terms of a contract and not by duties imposed by social policies, a plaintiff may assert only a contract claim. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014); *Erie Ins. Exch.*, 972 A.2d at 1239 (citing *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa. Super. 2002)). In order to state a tort claim where there is a contract, the wrong complained of must be the gist of the action with the contract only incidental. *Bruno*, 106 A.3d at 66 (quoting *Bash v. Bell Tel. Co. of Pa.*, 601 A.2d 825, 829 (Pa. Super. 1992)).

In determining whether the gist of the action is based on a contract or a tort, we must look to the nature of the duty breached as alleged in the complaint. *Id.* at 63. If the claim arises directly from a breach of a contractual duty created by the parties, it is a contract action. If the claim arises from the violation of a broader social duty imposed by society and not by the parties to the action, it is a tort action. *Id.* Thus, the substance of the allegations in the complaint is of "paramount importance." *Id.* at 68.

The fact that there is a contract between the parties does not mean that a party's claim for injury or loss resulting from the other party's conduct in performing the contract is necessarily a claim for breach of contract. A breach of contract cause of action is based on the breach of a specific executory promise in the contract. *Id.* at 70. Where it is alleged that the defendant breached a duty that exists "independently and regardless of the contract" and was not created by the parties, it is a tort action. *Id.*

Given this duty-based approach, a negligence claim may coexist with a contract claim where the negligence claim based on the defendant's conduct in performing the contract is not one based on the contract. In that case, the claim is not based on the failure to perform an executory promise in the contract. Rather, the contract is regarded as "the vehicle, or mechanism," establishing the parties' relationship during which the negligence occurred. *Id.* at 70.

Here, the parties do not dispute that the Weigolds and Meyer's entered the Purchase Agreement or that an implied warranty exists between the Weigolds and Thor.[2] Thus, we must engage in a duty-based analysis to determine the source of the duties underlying the Weigolds' tort claims.

This analysis requires us to examine "whether there was an improper performance of a contractual obligation, which is misfeasance, rather than mere failure to perform, which is nonfeasance." 1 SUMM. PA. JUR. 2D TORTS § 2:4, *Duty Arising From Contractual Relationship* (2d ed. 2020). The Pennsylvania Supreme Court "has long recognized that a party to a contract may be found liable in tort for negligently performing contractual obligations and thereby causing injury or other harm" beyond the contract itself. *Bruno*,

---

[2] Compl. ¶¶ 33, 38 (ECF No. 1); Thor and Meyer's Memo. in Supp. of Mot. for Dism. at 3.

106 A.3d at 69 (citing *Bloomsburg Mills v. Sordoni*, 164 A.2d 201 (Pa. 1960); *Evans v. Otis Elevator Co.*, 168 A.2d 573 (Pa. 1961); *Farabaugh v. Pa. Turnpike Comm'n*, 911 A.2d 1264 (Pa. 2006)).  *See also* 1 SUMM. PA. JUR. 2D TORTS § 2:4, *Duty Arising From Contractual Relationship* (2d ed. 2020) ("a defendant may be held liable in tort for misfeasance in the performance of contractual duties").

The Weigolds' do not allege nonfeasance of contractual obligations.  They agree that they received a recreational vehicle, as required by the Purchase Agreement.[3]  Indeed, they consent to the dismissal of their claim for breach of that contract.  Rather, they allege that Thor and Meyer's misfeasance in the performance of their contractual obligations damaged their real and personal property and caused them to incur clean-up, repair and other costs.[4]

The Weigolds' negligence and strict liability claims sound in tort.  Their negligence claim alleges that Thor did not properly install the vehicle's electrical system and Meyer's delivered a defective vehicle.[5]  It alleges that both failed to inspect and service the electrical system, ensure that applicable safety procedures were followed, and warn about the system's defects.[6]  The negligence claim asserts that these failures violated both the standard of care owed to them and prevailing industry standards.[7]  The Weigolds' strict liability claim alleges that Thor and Meyer's caused a dangerous and defective

---

[3] *Compl.* ¶ 11.

[4] *Id.* ¶¶ 12-13.

[5] *Id.* ¶ 15(a)(1).

[6] *Id.* ¶ 15(a)(2)-(5), (c).

[7] *Id.* ¶ 15(f)-(g).

4

vehicle to be placed into the stream of commerce without warning of the dangers and defects that caused the fire.[8]

Thor and Meyer's had a socially-based duty owed to the Weigolds not to place a dangerous, defective product in the stream of commerce that could cause harm to property. *See Bruno*, 106 A.3d at 69-70 (gist of the action doctrine does not bar tort recovery for "other harm" caused by negligent performance of contractual duties). That duty was separate and apart from any contractual duties owed them. The contractual relationship between the Weigolds and Thor and Meyer's was merely incidental to this duty. Thor and Meyer's tort duties existed "independently and regardless of" the contractual relationship between the parties. *Id.* at 70.

## Conclusion

We shall grant the motion to dismiss the breach of implied warranties and breach of contract claims against Meyer's. The tort claims against Thor and Meyer's are not barred by the gist of the action doctrine. In all other respects, we shall deny the motion.

---

[8] *Id.* ¶¶ 18-27.