IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WEIGOLD and<br>NORA WEIGOLD | : | CIVIL ACTION |
| v. | : | |
| FORD MOTOR COMPANY, THOR<br>MOTOR COACH, PRECISION<br>CIRCUITS, and CAMPING WORLD OF<br>BRIDGEPORT, NJ | : | NO. 20-2141 |

## MEMORANDUM OPINION

**Savage, J.**                                                                 **September 9, 2020**

This product liability action arises from a fire originating in an electrical connection in a recreational vehicle owned by the plaintiffs. The fire destroyed the vehicle and damaged the plaintiffs' nearby vehicles and home. The plaintiffs have sued Ford Motor Company, the manufacturer of the vehicle; Thor Motor Coach, the installer of the electric components; Camping World of Bridgeport, NJ, the seller of the vehicle; and Precision Circuits, the manufacturer of the electrical component.

Ford Motor Company, a Delaware Corporation with its principal place of business in Michigan, has moved to dismiss for lack of personal jurisdiction. It contends that the Pennsylvania long-arm statute is unconstitutional to the extent that it extends general personal jurisdiction over a foreign corporation that registers to do business in the Commonwealth. *See* 42 Pa. C. S. § 5301(a)(2)(i).

We addressed this issue recently in *Kraus v. Alcatel-Lucent*, 441 F. Supp. 3d 668 (E.D. Pa. Feb. 27, 2020). In *Kraus*, we explained:

> *Daimler* did not address "the interplay between consent to jurisdiction and the due process limits of general jurisdiction." *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, Civ. A. No. 16-665, 2017 WL 3129147, at *11 (E.D. Pa. July 24, 2017). It mentioned "consent" only to distinguish jurisdiction based on consent from jurisdiction based on a corporation's activities in the forum. *Daimler*, 571 U.S. at 129, 134 S.Ct. 746. The case focused on when corporations may be subject to general jurisdiction based on contacts with the forum, addressing when "continuous and systematic" contacts with a forum rose to the level of making the corporation "at home." Id. at 128, 134 S.Ct. 746.
>
> Because *Daimler* did not address whether registration to do business is a sufficient basis for general personal jurisdiction, and neither the Supreme Court nor the Third Circuit have addressed consent-based jurisdiction since *Daimler*, we will apply Third Circuit precedent. Thus, we hold that registration to do business in Pennsylvania constitutes valid consent to jurisdiction.

*Id.* at *4 n.16.

*Daimler* did not address the rule that registration to do business in Pennsylvania is consent to general jurisdiction in Pennsylvania.[1] Therefore, we shall deny Ford's motion to dismiss for lack of general jurisdiction.

---

[1] *See, e.g.*, *Healthcare Servs. Grp., Inc. v. Moreta*, Civ. A. No. 19-2260, 2019 WL 6117353, at *6 (E.D. Pa. Nov. 15, 2019); *Sciortino v. Jarden, Inc.*, 395 F. Supp. 3d 429, 438 (E.D. Pa. 2019); *Williams v. Takeda Pharm. Am., Inc.*, Civ. A. No. 18-4774, 2019 WL 2615947, at *3 (E.D. Pa. June 26, 2019); *Aetna Inc. v. Kurtzman Carson Consultants, LLC*, Civ. A. No. 18-470, 2019 WL 1440046, at *4–6 (E.D. Pa. Mar. 29, 2019); *Gorton v. Air & Liquid Sys. Corp.*, Civ. A. No. 1:17-1110, 2019 WL 757945, at *5–6 (M.D. Pa. Feb. 20, 2019); *Youse v. Johnson & Johnson*, Civ. A. No. 18-3578, 2019 WL 233884, at *3–4 (E.D. Pa. Jan. 16, 2019); *Shipman v. Aquatherm L.P.*, Civ. A. No. 17-5416, 2018 WL 6300478, at *2 (E.D. Pa. Nov. 28, 2018); *Aetna Inc. v. Mednax, Inc.*, Civ. A. No.18-2217, 2018 WL 5264310, at *4–5 (E.D. Pa. Oct. 23, 2018); *Mendoza v. Electrolux Home Prod., Inc.*, No. 4:17-CV-02028, 2018 WL 3973184, at *3–4 (M.D. Pa. Aug. 20, 2018); *Allstate Ins. Co. v. Electrolux Home Prod.*, No. 5:18-CV-00699, 2018 WL 3707377, at *4-5 (E.D. Pa. Aug. 3, 2018); *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 298 (M.D. Pa. 2018); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, Civ. A. No. 16-665, 2017 WL 3129147, at *11 (E.D. Pa. July 24, 2017); *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 655 (E.D. Pa. 2016). *See also* state appellate court cases: *Webb-Benjamin, LLC v. Int'l Rug Grp., LLC*, 192 A.3d 1133 (Pa. Super. Ct. 2018); *Murray v. Am. LaFrance, LLC*, 2018 PA Super 267, 2018 WL 4571804 (Pa. Super. Ct. Sept. 25, 2018), *en banc review granted and opinion withdrawn*, Dec. 7, 2018, oral argument held October 31, 2019.